# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs May 9, 2012

## STATE OF TENNESSEE v. TRACY DIRELL WOODARD

**Appeal from the Circuit Court for Bedford County**
**No. 17095      Lee Russell, Judge**

**No. M2011-01570-CCA-R3-CD - Filed May 31, 2012**

The defendant, Tracy Direll Woodard, entered open guilty pleas to three counts of the sale of less than .5 grams of cocaine, *see* T.C.A. § 39-17-417(c)(2)(A); three counts of the delivery of less than .5 grams of cocaine, *see id.*; sale of a counterfeit controlled substance, *see id.* § 39-17-423(a)(1); and delivery of a counterfeit controlled substance, *see id.* § 39-17-423(a)(2). At sentencing, the trial court merged each delivery conviction into the corresponding sale conviction and imposed an effective sentence of 16 years' incarceration. On appeal, the defendant argues that the sentences are excessive. We affirm the sentencing decision of the trial court. On remand, however, we direct the trial court to correct the judgments to properly effectuate merger of the alternative counts of sale and delivery.

**Tenn. R. App. P. 3; Judgments of the Circuit Court Affirmed; Remanded**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and JEFFREY S. BIVINS, JJ., joined.

Trisha S. Bolen, Bell Buckle, Tennessee, for the appellant, Tracy Direll Woodard.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Charles Crawford, District Attorney General; and Richard Cawley, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On October 18, 2010, the Bedford County grand jury charged the defendant with three counts of the sale of less than .5 grams of cocaine, three counts of the delivery of less than .5 grams of cocaine, one count of sale of a counterfeit controlled substance, and one count of delivery of a counterfeit controlled substance involving sales to a confidential informant on four dates in January, February, and March 2010. On May 5, 2011, the

defendant entered an open plea to the indictment.

At the July 7, 2011 sentencing hearing, the defendant acknowledged his status as a Range II, multiple offender given his 1991 and 1997 convictions for sale of cocaine. During allocution, the defendant cast partial blame on the confidential informant involved in his offenses, but he also acknowledged that his history of cocaine addiction contributed to his criminal activity.

The State argued for the application of the enhancement factor concerning the defendant's history of criminal convictions, which spanned some 22 years and included over 18 misdemeanor convictions in addition to the two felony drug convictions. *See* T.C.A. § 40-35-114(1). The State also asserted that the defendant's failed attempts at rehabilitation, evidenced by at least three previous probation or parole revocations, qualified as enhancement of the length of the sentences. *See id.* § 40-35-114(8). The State further argued that the defendant's criminal history showed a lack of potential for rehabilitation that should exclude him from alternative sentencing.

In mitigation, the defendant asserted that he had been addicted to cocaine most of his adult life and was now sober and attending church.

The trial court ordered each delivery count merged into the corresponding sale count, resulting in a "total of four convictions." The court then found that the defendant's history of criminal convictions was "present[ed] in a very dramatic way" as detailed in the presentence investigation report. The court also found applicable the defendant's history of failed attempts at probation or parole in determining the length of the defendant's sentences. The trial court acknowledged but gave little weight to the defendant's espoused mitigating factors and imposed sentences of eight years for each sale of cocaine offense and a sentence of three years for the sale of a counterfeit controlled substance offense. Further finding that the defendant possessed an extensive criminal record, *see id.* § 40-35-115(2), the trial court ordered counts one and three to be served concurrently with one another, counts five and seven to be served concurrently with one another, and each pair of concurrent counts to be served consecutively for a total effective sentence of 16 years. Regarding alternative sentencing, the trial court found that the defendant "is just not capable of completing a period of alternative sentencing without messing up again" and ordered the sentences served in confinement.

On appeal, the defendant asserts generally that the sentences imposed are excessive. The State argues that the record supports the trial court's sentencing decision. Following our review, we agree with the State.

When considering challenges to the length and manner of service of a sentence this court conducts a de novo review with a presumption that the determinations of the trial court are correct. T.C.A. § 40-35-401(d) (2006). This presumption, however, "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). The appealing party, in this case the defendant, bears the burden of establishing impropriety in the sentence. T.C.A. § 40-35-401, Sentencing Comm'n Comments; *see also Ashby*, 823 S.W.2d at 169. If our review of the sentence establishes that the trial court gave "due consideration" to the appropriate "factors and principles which are relevant to sentencing under the Act, and that the trial court's findings of fact . . . are adequately supported in the record, then we may not disturb the sentence even if we would have preferred a different result." *State v. Fletcher*, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). Since the 2005 revisions to our sentencing act rendered enhancement and mitigating factors advisory, appellate review does not extend to the weight afforded mitigating and enhancement factors by the trial court. *State v. Carter*, 254 S.W.3d 335, 345-46 (Tenn. 2008). In the event the record fails to demonstrate the required consideration by the trial court, appellate review of the sentence is purely de novo. *Ashby*, 823 S.W.2d at 169.

In making its sentencing decision, the trial court was required to consider:

(1) The evidence, if any, received at the trial and the sentencing hearing;

(2) The presentence report;

(3) The principles of sentencing and arguments as to sentencing alternatives;

(4) The nature and characteristics of the criminal conduct involved;

(5) Evidence and information offered by the parties on the mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114;

(6) Any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and

(7) Any statement the defendant wishes to make in the defendant's own behalf about sentencing.

T.C.A. § 40-35-210(b).  The trial court should also consider "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant . . . in determining the sentence alternative or length of a term to be imposed."  *Id.* § 40-35-103(5).

The record reflects that the trial court considered the sentencing principles and all relevant facts and circumstances in arriving at the length of sentences.  Further, the trial court applied appropriate enhancement and mitigating factors.  The 41-year-old defendant's history of criminal convictions spans 22 years.  In addition to the two sale of cocaine felony convictions, his 18 misdemeanor convictions include multiple domestic violence and simple drug possession convictions.  Furthermore, since the age of 18, the defendant has been involved in some sort of criminal activity, resulting in numerous probation and parole revocations.  Accordingly, the record before this court fully supports the lengths of sentences imposed by the trial court in this case.

Concerning the imposition of consecutive sentences, when a defendant is convicted of multiple crimes, the trial court, in its discretion, may order the sentences to be served consecutively if it finds by a preponderance of the evidence that a defendant falls into one of seven categories listed in Tennessee Code Annotated section 40-35-115.  The existence of a single category is sufficient to warrant the imposition of consecutive sentences. *See State v. Adams*, 973 S.W.2d 224, 231 (Tenn. Crim. App. 1997).  Relevant to this case, the trial court found that "[t]he defendant is an offender whose record of criminal activity is extensive."  T.C.A. § 40-35-115(2).  The court noted that consecutive service of all four sentences "would simply be too long" but that partial consecutive service was warranted in light of the defendant's prolific history of convictions.  We conclude that the record supports the trial court's finding of extensive criminal history and that the trial court's partial imposition of consecutive sentences was appropriate in this case.

The defendant, without citation to authority, argues generally that he should have been sentenced to some form of alternative sentence "to allow [his completion of] a drug addiction program."  We conclude that the record supports the trial court's denial of alternative sentencing based upon the defendant's previous unsuccessful attempts at probation.  *See* T.C.A. § 40-35-103(1)(C).

We discern, however, an anomaly in the judgments requiring correction on remand.  As previously stated, the trial court properly merged each delivery conviction into the corresponding sale conviction when it imposed sentence.  The judgments, however, reflect an imposition of sentence for each delivery conviction to be served concurrently with the sale convictions.  The imposition of concurrent sentences does not effectuate merger.  Accordingly, on remand, the trial court shall enter amended judgments in counts one, three,

-4-

five, and seven (the sale counts) to indicate convictions for sale and the merger of guilty pleas on the delivery counts and shall vacate the judgments in counts two, four, six, and eight (the delivery counts) in order to properly effectuate merger of the convictions. In all other respects, we affirm the judgments of the trial court.

_____
JAMES CURWOOD WITT, JR., JUDGE